(Superior Court of Cincinnati.)
General Term, 1898.

THE GERMANIA INSURANCE COMPANY v. THE CINCINNATI, PORTSMOUTH, BIG SANDY & POMEROY PACKET COMPANY.

---

(1). Section 3643b providing that "where arbitrators and umpires are selected to ascertain a loss under any insurance policy issued on property in this state, said arbitrators and umpires shall be residents of the county in which such loss has occurred at least one year prior to the said loss," is constitutional.

(2). The testimony of an agent of the insurance company that one of the appraisers upon coming into the insurance company's office submitted his business card, which gave Chicago as his place of business, and added that he resided in Chicago, was a declaration by the agent of the statement upon the card, and his oral remark that he lived in Chicago was admissible to prove his intention of making Chicago his place of residence.

(3). Where one party to an attempted arbitration offers and the other party refuses to submit the loss, the court has the right to determine the loss and assess the damages.

---

SMITH, J; Dempsey and Davis, JJ., concur.

The Cincinnati, Portsmouth, Big Sandy & Pomeroy Packet Company insured their wharf boat with the Germania Insurance Company. Subsequently the wharf boat was seriously damaged by fire; and as provided in the policy the amount of the loss was determined by an award made by a board of appraisers, one of whom was selected by the insurance company, one by the packet company, and the third by said two appraisers.

The packet company was dissatisfied with the award, and claimed it was invalid for a number of reasons. The court below sustained a number of the contentions of the packet company, set aside the award and entered a judgment for the packet company; and error is prosecuted here to reverse that judgment.

The case has been elaborately argued before us, but we do not find it necessary to express an opinion on all the questions argued, as we are clearly of the opinion that the award was invalid, for the reason that the appraiser selected by the Insurance Company was incompetent to act as such, for the reason that he was a non-resident.

It is beyond dispute that arbitrators and umpires selected to determine loss under an insurance policy must be residents of the county in which the loss occurred, because it is expressly so provided in the statute, section 3643b, which reads as follows:

"In case where arbitrators and umpires are selected to ascertain a loss under any insurance policy issued on property in this state, said arbitrators and umpires shall be residents of the county in which such loss has occurred at least one year prior to the said loss."

The insurance company seeks to evade the force of this statute upon two grounds: 1st, that the statute is unconstitutional; and, 2d, that the evidence introduced to prove non-residence was incompetent.

We see no constitutional objection to the passage of the law by the legislature requiring an appraiser under an insurance policy to be a resident of the county where the loss occurred.

We should be at a loss to point out the particular section and article of the constitution which was violated by such a law.

The constitution of this state expressly provides that judges of the common pleas court shall reside in the district for which they are elected (art. 4, sec. 12); and the statute also provides that the judges of this court shall be residents of this county.

The constitution itself therefore recognizes the propriety of a requirement which limits the right to fill the office of a judge in certain instances to residents of a limited portion of this state; and the requirement in the statute with respect to this court has never been questioned upon constitutional grounds, and we know of no ground upon which such objection could be maintained.

If it is constitutional to require that certain judges, whose powers extend in some particulars throughout the state, shall be taken from the residents of a limited portion of the state, it is certainly legal to impose such a limitation upon the right to select appraisers who at best discharge only quasi-judicial functions.

The evidence objected to as incompetent to prove the non-residence of the appraiser was the testimony of an agent of the employe of the insurance company, who testified that the appraiser, when he came into his office, handed him his business card, which gave Chicago as his place of business and stated that he resided in Chicago.

The handing of the card by the appraiser to the agent was, in effect, a declaration of the statements contained therein, and these statements, together with oral statements, that he resided in Chicago were, in our opinion, admissible to prove his intention in living in Chicago to make such place his residence.

In Ayer v. Weeks (18 Atlantic Reporter, 1108), the supreme court of New Hampshire said:

"Declarations written or verbal are sometimes received in connection with acts done as explanatory of such acts, and on questions of residence or domi-

cile, as evidence of intention; but in such case the declarations to be admissible must have been made in the ordinary course of business at a time when the party had no interest, and before any controversy."

Whether the qualification that the declaration must be made in the ordinary course of business and at a time before any controversy arose is sustained by authority, it is not necessary for us to determine, as, in this case, the evidence satisfies such requirements.

The packet company having offered to resubmit the loss to arbitration and the insurance company having refused such resubmission, the court had the right as it did to determine the loss and assess the damages.

Judgment of the court below will be affirmed.

Thomas A. Logan, for Plaintiff.
Chas. H. Stephens, for Defendant.